UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY CONEY,

        Plaintiff,

        v.                                            Civil No. 08-859-HA

                                                        OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

       Plaintiff Timothy Coney seeks judicial review of a final decision by the Commissioner of the Social Security Administration (SSA) denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for an immediate award of benefits and for further proceedings.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here. Plaintiff was forty-seven years old at the alleged disability onset date, and fifty-three years old at the time of the ALJ's decision that is the subject of this appeal. Plaintiff has a high school education and past relevant work experience as a cook and caregiver.

Plaintiff protectively applied for benefits on July 5, 2005, alleging disability beginning October 31, 2001. Plaintiff alleges disability from physical and mental impairments including: degenerative disc disease, scoliosis, a thoracic compression fracture, an amputated joint of the right hand index finger, headaches, stress-induced rash, and bi-polar, depressive, and anxiety disorders.

Plaintiff's application was denied initially and on reconsideration. An ALJ conducted a video hearing on September 6, 2007, during which he heard testimony from plaintiff, who was represented by counsel; plaintiff's former spouse, Laura Janus; and a vocational expert (VE). On October 11, 2007, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

**SUMMARY OF ALJ'S FINDING**

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date. Tr. 19, Finding 2.[1]

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

At step two, the ALJ found that plaintiff had the following medically determinable impairments: dysthymia, degenerative disc disease, mild scoliosis, and a compression fracture at T7. Tr. 19, Finding 3. The ALJ also found that plaintiff had been diagnosed with a "caffeine-related disorder with a question of anxiety and phobia, cannabis abuse, multiple joint arthralgias, a history of rash, and a history of headaches." *Id*.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 20, Finding 4.

The ALJ determined that plaintiff has the RFC to perform light work, that he is able to lift twenty pounds occasionally and ten pounds frequently, and that he is able to stand or walk for at least six hours each, and is able to sit for six hours during an eight hour work day. Tr. 22, Finding 5. The ALJ found that plaintiff is limited to only occasional balancing, stooping, kneeling, crouching, crawling, or climbing. *Id*. The ALJ further determined that plaintiff is "capable of carrying out simple, routine tasks on a consistent basis," and that he "has limitations in the moderate range in that he has difficulty being consistent in following detailed or complex instructions, interacting with the public beyond superficial interaction, or engaging in cooperative, teamwork endeavors." *Id*.

At step four, the ALJ found that plaintiff was incapable of performing his past relevant work. Tr. 25, Finding 6.

At step five, the ALJ, after consulting with a VE, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 25, Finding 10.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further proceedings or for an award of benefits due to a number of alleged errors

6- OPINION AND ORDER

including: (1) improperly relying on VE testimony that conflicts with the Dictionary of Occupational Titles (DOT), (2) improperly rejecting the opinions of treating and examining physicians, (3) improperly rejecting a Veteran's Administration disability rating, and (4) improperly rejecting lay witness testimony.  Because this court concludes that the ALJ erred in relying on the VE testimony and in rejecting the opinion of a treating physician, it need not address plaintiff's other arguments.

1.    **VE Testimony**

Plaintiff argues that there are discrepancies between the ALJ's RFC findings and the occupations identified by the VE.  Relying on the VE testimony, the ALJ found that plaintiff could work as a photocopy machine operator, an assembler of printed products, and a blind stitch machine operator.  Tr. 26.  These jobs are each listed as requiring Level Two reasoning abilities as defined by General Education Development index in Appendix C of the DOT.  According to Appendix C, Level Two reasoning requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and to "[d]eal with problems involving a few concrete variables in or from standardized situations."  However, the ALJ found that plaintiff is only "capable of carrying out simple, routine tasks on a consistent basis," and that he "has limitations in the moderate range in that he has difficulty being consistent in following detailed or complex instructions." Tr. 22, Finding 5.  A job requiring Level Two reasoning exceeds plaintiff's functional capacity to deal with detailed tasks.

The DOT is the "best source for how a job is generally performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).  The ALJ "may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995).  The VE's testimony deviated from the

7- OPINION AND ORDER

ALJ's findings regarding plaintiff's RFC. Such a deviation would only be acceptable had the ALJ questioned the VE regarding the deviation and then provided persuasive evidence to support the finding that plaintiff could perform those jobs despite their Level Two reasoning level. However, the VE's testimony went by without comment, and the record contains no explanation establishing that plaintiff is capable of performing these jobs despite his RFC. Accordingly, the ALJ was not justified in relying on the VE's testimony in making his finding at step five.

**2.      Treating Physician's Opinion**

Plaintiff argues that the ALJ erred in not giving controlling weight to the opinion of treating psychiatrist, William E. Lofthouse, M.D. In 2002 and 2003, Dr. Lofthouse made a number of observations suggesting that plaintiff's impairments were not totally disabling. *See* e.g. Tr. 255, 273. However, in February of 2006, Dr. Lofthouse opined that plaintiff "was severely handicapped by his dysthymia, general anxiety disorder, and social phobias" and "that he isn't capable of working part or full time at any job for a consistent period of time." Tr. 340.

The opinion of Dr. Lofthouse cannot be lightly disregarded. However, such opinions are "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). The ALJ may reject the contradicted opinion of treating physician by stating specific and legitimate reasons supported by substantial evidence, and may reject an uncontradicted opinion by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

The ALJ rejected the opinion of Dr. Lofthouse for a number of reasons. The ALJ first

8- OPINION AND ORDER

noted that Dr. Lofthouse's disability assessment was inconsistent with his opinions from 2003. However, Dr. Lofthouse's views regarding plaintiff in 2003, are not a basis for discounting his opinion that plaintiff was disabled three years later.

The ALJ also found Dr. Lofthouse's disability assessment in 2006 to be internally inconsistent because he stated that plaintiff was "[s]miling" and "not showing much acute depression." Tr. 339. However, Dr. Lofthouse also noted that plaintiff was trying to force himself to act calmly and that plaintiff's dysphoria, rather than depression, was the more severe impairment. *Id*. As recounted above, plaintiff's depression did not serve as a basis for Dr. Lofthouse's disability assessment. A plain reading of his report reveals no internal inconsistencies.

The ALJ also suggested that Dr. Lofthouse's opinion was issued to advance plaintiff's disability case. There is no evidence to support such a finding.

Lastly, the ALJ rejected Dr. Lofthouse's opinion because it was made in the context of plaintiff's non-compliance with his prescribed course of treatment. Tr. 24. Doctor Lofthouse noted that plaintiff "isn't compliant with medications, whether psychiatric or otherwise," and that without consistent compliance, he would not be "able to treat his chronic psychiatric disorders." Tr. 219.

Non-compliance with a prescribed course of treatment can constitute a valid reason for denial of benefits if compliance would restore a claimant's ability to work. 20 C.F.R. § 404.1530(b). However, there are "[a]cceptable reasons for failure to follow prescribed treatment," and the SSA considers a claimant's "physical, mental, educational, and linguistic limitations" when determining whether there is an acceptable reason for failing to follow a

9- OPINION AND ORDER

prescribed course of treatment. 20 C.F.R. § 404.1530(c). Under Social Security Ruling (SSR) 82-59, a claimant who fails to follow a prescribed course of treatment "should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment," and "[d]etailed questioning may be needed to identify and clarify the essential factors of refusal." When an issue of "failure" arises and is not "fully developed through testimony and/or evidence submitted, and it has been 12 months after onset, a favorable decision will be issued, and the case will be referred for development of failure to follow prescribed treatment." *Id*.

In this case, the issue of "failure" arose more than twelve months after the alleged disability onset date and the ALJ did not develop this issue. It is unclear whether plaintiff has failed to take his prescribed psychiatric medications by choice, or whether his impairments prevent him from following the prescribed course of treatment.

Therefore, the ALJ failed to provide legitimate reasons for discounting the opinion of Dr. Lofthouse. When the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is generally credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). In this case, the court is crediting Dr. Lofthouse's opinion as a matter of law and is remanding this case for an immediate award of benefits and further proceedings pursuant to SSR 82-59.

Pursuant to this remand, the ALJ shall consult with a VE and determine whether there are jobs in the national economy that plaintiff can perform in light of his mental impairments and ability to follow instructions. The ALJ shall also reconsider the evidence presented by Dr. Lofthouse and develop the record regarding whether plaintiff's non-compliance with prescribed medications is a result of his impairments and or whether plaintiff has the ability to follow a

10- OPINION AND ORDER

prescribed course of treatment but is refusing to do so. If the Commissioner finds plaintiff does not have a permissible reason for failing to comply with the prescribed course of treatment, and that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, the Commissioner may stop the payment of benefits in accordance with SSR 82-59. The Commissioner shall also reconsider the lay testimony of Laura Janus. Plaintiff shall have the opportunity to submit any new evidence regarding his alleged impairments.

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Timothy Coney's application for SSI and DIB must be REVERSED and REMANDED FOR an AWARD OF BENEFITS and FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this __3__ day of November, 2009.

                                              /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                            United States District Judge