UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TIMOTHY CONEY,                                          Civil No. 08-859-HA

          Plaintiff,                                       ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

          Defendant.

_____

HAGGERTY, District Judge:

On November 3, 2009, this court entered a Judgment remanding this matter to the

Commissioner for payment of benefits.  On January 4, 2010, defendant stipulated to a fee award

of $6,500.00 payable to plaintiff's attorney pursuant to the Equal Access to Justice Act (EAJA),

28 U.S.C. § 2412.  Plaintiff's counsel now moves for approval of attorney fees out of plaintiff's

retroactive benefits award in the amount of $17,491.25.  Mem. in Supp. of Pl.'s Mot. for

Approval of Att'y Fees ("Pl.'s Mem.") at  1.  Although defendant does not object to the proposed

award, this court is required to perform an independent check to ensure that the award is

reasonable.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

1 - ORDER

ANALYSIS

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

A.    Fee Agreement

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Plaintiff's counsel and his client executed a contingent-fee agreement, providing that the attorney's fee would be the greater of: (1) twenty-five percent of any past-due benefits received, or (2) any EAJA attorney fee award obtained. Pl.'s Mem. at Ex. 2. The terms of this agreement are within the statute's limits.

The next step is to confirm that the fee the counsel asks for does not exceed § 406(b)'s twenty-five percent ceiling. Such a determination requires evidence of the retroactive benefits to be paid to the claimant. Plaintiff's counsel presented an agency Award Letter that indicates that past-due benefits "are those payable through October 2009" and that $17,491.25 was withheld to reflect counsel's request for a twenty-five percent fee award. Pl.'s Mem. at Ex. 1. Counsel now seeks approval of this award.

Fee agreements that do not result in an award exceeding twenty-five percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement is

2 - ORDER

reasonable. *Gisbecht*, 535 U.S. at 807. This court notes with approval the careful analysis

provided by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee

award is not automatic or even presumed; 'the statute does not create any presumption in favor of

the agreed upon amount.'" *Dunnigan v. Commissioner*, Civil No. 07-1645-AC, 2009 WL

6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). Upon a

determination that the fee agreement and the amount requested is in accordance with statutory

limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Id*. at

10; *see also* 42 U.S.C. § 406(b)(1)(A).

## B.     Reasonableness factors

The burden rests with the plaintiff's counsel to establish the reasonableness of the

requested fee. *Gisbrecht*, 535 U.S. at 807. Although the court must acknowledge the "primacy

of attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable

results in particular cases" can be rejected. *Id.* at 793, 807. Therefore, the court may reduce a

contingent fee if the attorney provided substandard representation, engaged in dilatory conduct

that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to

the amount of time the attorney spent on the case. *Id.* at 808.

The Ninth Circuit has issued an *en banc* decision addressing the § 406(b) reasonableness

analysis under *Gisbrecht*. *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). The

*Crawford* majority articulated four factors derived from *Gisbrecht* that district courts should

consider in determining whether a reduction from the contingent-fee agreement is appropriate:

(1) the character of the representation; (2) the results achieved; (3) any delay attributable to the

attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the

time spent on the case" and raise the specter that the attorney would receive an unwarranted

windfall. *Id.* at 1151-53 (citations omitted). In other words, the court is empowered to exercise

3 - ORDER

discretion to ensure that the claimant is protected from having to surrender retroactive disability

benefits in a

disproportionate payment to counsel.  *Id.* at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

### 1.    The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b)

fee award.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151.  The record in this case

provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's

representation.  Plaintiff's counsel presented sound arguments justifying a remand in the action,

which were all strenuously opposed by defendant.  Plaintiff's counsel zealously advocated for his

client and presented his client's arguments thoroughly.

### 2.    Results Achieved

Plaintiff's counsel won an award of benefits for his client based on two of plaintiff's

asserted errors.  Although plaintiff's counsel obtained a successful result, this fact should not be

viewed in isolation, and does not require a fee award for the full twenty-five percent.  *See*

*Dunnigan*, 2009 WL 6067058, at *12.

### 3.    Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the

claimant's counsel.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151.  Counsel

received one sixty-day extension for filing an opening brief on behalf of his client.  No evidence

in the record suggests that the request improperly delayed this case.  Accordingly, a reduction of

counsel's fee request is unwarranted under this factor.

### 4.    Proportionality

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the

4 - ORDER

time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).  The

Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time

counsel spent on the case, a downward adjustment is . . . in order."  *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel litigated a complex application for Social Security benefits that was

disputed by the Commissioner.  He claims to have worked 37.7 hours on the case.  Pl.'s Mem. at

5.  In support of his request for a full fee award, counsel presents statistics regarding the average

hourly rate for non-contingent cases, the likelihood of winning benefits in Social Security cases,

and a "contingency multiplier" reflecting his alleged risk in pursuing the claimant's case.  *Id.* at

4-5.  Regardless of counsel's mathematical rationalization, this court must perform an

independent evaluation.

The court recognizes that counsel undertook some risk in agreeing to represent plaintiff

on a contingency basis, and acknowledges that he successfully obtained benefits for his client in

a matter that required skill and expertise.  After examining the docket, the briefing presented,

and the hours claimed by counsel, this court concludes that counsel has made an adequate

showing that a fee award of twenty-five percent of claimant's retroactive benefits is reasonable.

## CONCLUSION

For the reasons stated, counsel's Motion for Approval of Attorneys Fees [27] is granted.

Counsel is entitled to $17,491.25 in fees.  Counsel's EAJA fee award of $6,500.00 must be

subtracted from the § 406(b) fee award.

IT IS SO ORDERED.

DATED this  7  day of December, 2010.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

5 - ORDER